UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CONROY CONDECORE,

       Petitioner,

    v.                         Case No.:  2:26-cv-01704-SPC-NPM

TODD BLANCHE *et al.*,

       Respondents,

                                 /

## **OPINION AND ORDER**

Before the Court are petitioner Conroy Condecore's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 10), and Condecore's reply (Doc. 12).  For the below reasons, the Court grants the petition.

Condecore is a native of Jamaica who lawfully entered the United States on October 4, 2015, but overstayed his B-2 visitor visa.  Immigration and Customs Enforcement ("ICE") commenced removal proceedings in 2020.  On September 15, 2020, an immigration judge ordered Condecore removed but granted withholding of removal.  ICE released Condecore under an order of supervision two days later.  He has complied with all terms of release.

On November 20, 2025, ICE arrested Condecore at the Orlando International Airport, revoked his release, and notified Condecore it intended to remove him to South Sudan.  On May 7, 2025, another ICE officer notified Condecore that ICE intends to remove him to Mexico, and the officer certified

he read the notice to Condecore in Spanish, a language Condecore does not speak. Condecore is currently detained at Alligator Alcatraz. Condecore challenges the legality of his detention under the Fifth Amendment and *Zadvydas v. Davis*, 533 U.S. 678 (2001).

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents acknowledge the six-month period for presumptively reasonable detention has expired, so *Zadvydas*'s burden-shifting framework applies. Condecore has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. ICE cannot remove Condecore to Jamaica, and no other country has agreed to accept him. The burden thus shifts to the government. They offer a declaration from ICE deportation officer Jorge Cuadra. Cuadra states ICE will attempt removal to Mexico, but he does not claim ICE has taken any steps to remove Condecore since his November 2025 arrest. Nor does he offer any reason to believe future removal attempts will likely succeed.

The Court finds no significant likelihood Condecore will be removed in the reasonably foreseeable future. He is entitled to release from detention under *Zadvydas*. If removal becomes likely in the reasonably foreseeable future, ICE can detain Condecore to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Conroy Condecore's Petition for Writ of Habeas Corpus (Doc. 1) is

**GRANTED**.

1. The respondents shall release Condecore within 24 hours of this Order, and they shall facilitate his transportation from the facility by notifying his counsel when and where he can be collected.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on May 29, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record