UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CONROY CONDECORE,

      Petitioner,

    v.                         Case No.:  2:26-cv-01704-SPC-NPM

TODD BLANCHE *et al.*,

      Respondents,

                                /

## <u>OPINION AND ORDER</u>

Before the Court are petitioner Conroy Condecore's emergency motions to reopen (Docs. 17 and 18), the Federal Respondents' response (Doc. 19), Condecore's reply (Doc. 20).

Condecore is a native of Jamaica who lawfully entered the United States on October 4, 2015, but overstayed his B-2 visitor visa.  Immigration and Customs Enforcement ("ICE") commenced removal proceedings in 2020.  On September 15, 2020, an immigration judge ordered Condecore removed but granted withholding of removal.  ICE released Condecore under an order of supervision two days later.  ICE arrested Condecore in November 2025 with the stated intent to remove him to South Sudan.  Then in May 2026, ICE notified Condecore it intended to remove him to Mexico.  Condecore sought habeas relief, and on May 29, 2026, this Court found there was no significant

likelihood of removal in the reasonably foreseeable future and ordered his release under *Zadvydas v. Davis*, 533 U.S. 678 (2001).

ICE re-detained Condecore on July 2, 2026, and claims it intends to remove him to Eswatini. But there is no evidence removal to Eswatini is likely in the reasonably foreseeable future. ICE does not claim—much less prove—it has contacted Eswatini officials to arrange Condecore's removal. Nor does ICE claim it has taken even the initial steps to afford him the process due before executing third-country removal. *See Andriasian v. Immigr. and Naturalization Servs.*, 180 F.3d 1033, 1041 (9th Cir. 1999) ("Failing to notify individuals who are subject to deportation that they have the right to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported violates both INS regulations and the constitutional right to due process.").

Accordingly, the Court finds no material change in circumstances to justify Condecore's re-detention. Specifically, the government has not shown it is any closer to lawfully removing Condecore now than it was when the Court ordered his release. Merely identifying yet another third country for potential removal is not enough.

**ORDERED:**

Conroy Condecore's motions (Docs. 17 and 18) are **GRANTED**.

1. The respondents shall release Condecore within 12 hours of this Order, and they shall facilitate his transportation from the facility by notifying his counsel when and where he can be collected.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on July 6, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record