UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CONROY CONDECORE,

       Petitioner,

    v.                         Case No.:  2:26-cv-01704-SPC-NPM

TODD BLANCHE *et al.*,

       Respondents,

                                     /

## **OPINION AND ORDER**

Before the Court are the government's Motion for Reconsideration of July 6, 2026 Order (Doc. 24) and petitioner Conroy Condecore's response (Doc. 25).

Condecore is a native of Jamaica who lawfully entered the United States on October 4, 2015, but overstayed his B-2 visitor visa. Immigration and Customs Enforcement ("ICE") commenced removal proceedings in 2020. On September 15, 2020, an immigration judge ordered Condecore removed but granted withholding of removal. ICE released Condecore under an order of supervision two days later. ICE arrested Condecore in November 2025 with the stated intent to remove him to South Sudan. Condecore sought habeas relief, and on May 29, 2026, this Court found no significant likelihood of removal in the reasonably foreseeable future and ordered his release under *Zadvydas v. Davis*, 533 U.S. 678 (2001).

ICE re-detained Condecore on July 2, 2026.  Condecore filed a motion to enforce the judgment, arguing no material change in circumstances made detention lawful.  In response, the government expressed an intention to remove Condecore to Eswatini but offered no evidence removal was likely in the reasonably foreseeable future.  The Court granted Condecore's motion and ordered ICE to release him from custody.  The government now returns to Court with evidence, and it is decisive.  The government of Eswatini notified ICE that it accepted Condecore for third-country removal under a memorandum of understanding between Eswatini and the United States. (Doc. 24-2).  This new evidence demonstrates that removal is likely in the reasonably foreseeable future.  Thus, Condecore's detention is no longer unlawful under *Zadvydas*.  The Court will grant the government's motion.

Condecore raises compelling due process concerns regarding third-country removal.  He expressed fear that he would be persecuted in Eswatini due to his sexual orientation, but the government has not made the requisite credible-fear determination.  *See Andriasian v. Immigr. and Naturalization Servs.*, 180 F.3d 1033, 1041 (9th Cir. 1999) ("Failing to notify individuals who are subject to deportation that they have the right to apply for asylum in the United States and for withholding of deportation to the country  to which they will be deported violates both INS regulations and the constitutional right to due process."); *see also D.V.D. v. U.S. Dep't of Homeland Security*, 821 F. Supp.

3d 102 (D. Mass. 2026) (setting aside DHS's current third-country removal policy because it violates noncitizens' right to seek fear-based relief under the Convention Against Torture). But these due process concerns are outside the scope of a habeas case. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 119 (2020) (holding that a claim asserting the right to remain in the country is outside the "core" of habeas and cannot be pursued in a habeas action).

Accordingly, the Court finds a significant likelihood ICE can remove Condecore in the reasonably foreseeable future. The government's motion for reconsideration (Doc. 24) is **GRANTED**, and the Court **SETS ASIDE** its June 6, 2026 Opinion and Order (Doc. 23). ICE can detain Condecore for the purposes of executing his removal order. Condecore is free to challenge third-country removal in an appropriate (non-habeas) action.

**DONE AND ORDERED** in Fort Myers, Florida on July 13, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record